1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELINE PONCE, an individual, on behalf of herself and all others similarly situated,<br><br>   Plaintiff,<br><br>  vs.<br><br>CH2M HILL ENGINEERS, INC., etc., et al,<br><br>   Defendants. | Case No. 2:23-cv-10797-DSF-BFM<br><br>**ORDER AND JUDGMENT GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT (DKT. 38)** |

Plaintiff Celine Ponce's Motion for Final Approval of Class Action and PAGA Settlement came before this Court for hearing on June 30, 2025. The Court, having fully reviewed Plaintiff's Motion and all supporting papers, and good cause appearing, IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.    The Court, for purposes of this Order and Judgment (Judgment), adopts all defined terms as set forth in the Settlement Agreement.

2.    The Court has jurisdiction over all claims asserted in the action, Plaintiff, the Class Members, and Defendants CH2M Hill Engineers, Inc., Jacobs Engineering Group Inc., Jacobs Solutions Inc., and Jacobs Project Management Co. (JPMCo).

3.    The Court finds that the Settlement was made and entered into in good faith and approves the Settlement as fair, reasonable, and adequate to all Class Members. No objections, timely or otherwise, have been submitted. Any Class Members who have not timely and validly requested exclusion from the Class are bound by this Judgment.

4.    The Court finds that the Settlement Class meets the requirements for certification under Fed. R. Civ. P. 23(a) and 23(b)(3) and finally certifies the following Settlement Class for settlement purposes only:

> All of Defendants' current and former non-exempt hourly-paid employees employed by Defendants in the State of California who worked for Defendants during the Class Period.

5.    The "Class Period" is defined as October 13, 2019 through January 29, 2025.

6.    The Court approves the definition of an "Aggrieved Employee" as:

> A non-exempt hourly-paid employee employed by Defendants in the State of California who worked for Defendants during the PAGA Period.

7.    The "PAGA Period" is August 9, 2022 through January 29, 2025.

**Class Notice**

8.    Notice to Class Members has been completed in conformity with the terms of the Settlement Agreement and Preliminary Approval Order as to all Class Members who could be identified through reasonable effort.  The Court finds that the notice plan was the best notice practicable under the circumstances.  The Class Notice provided due and adequate notice to Class Members of the proceedings and of the matters set forth therein, including the Settlement, the manner by which objections to the Settlement could be made, and the method for Class Members to opt out of the Settlement.  The Class Notice and the method for providing notice to the Class Members satisfied the requirements of due process.

**Objections and Requests for Exclusion**

9.    No objections to the Settlement were submitted by Class Members in accordance with the requirements set forth in the Settlement Agreement and the Class Notice.

10.    The Court finds that no Class Members have submitted a valid and timely Request for Exclusion.

**Funding of the Gross Settlement Amount**

11.    Defendants shall fully fund the Gross Settlement Amount by transmitting the funds to the Administrator no later than 25 days after the Effective Date.  The "Effective Date" is defined as the date when all of the following events have occurred: (1) this Settlement Agreement has been executed by all Parties, Class Counsel, and Defendants' Counsel; (2) the Court has given preliminary approval to this Class Action and PAGA Settlement Agreement; (3) the Class Notice has provided Class Members an opportunity to object to the terms of this Agreement or opt out of the settlement; (4) the Court has held a formal fairness hearing and entered an Order and Judgment Granting Plaintiff's Motion for Final Approval of the Settlement Agreement (Final Order and Judgment) certifying the Settlement Class, dismissing the Action with prejudice, approving the Settlement Agreement, and retaining jurisdiction to enforce the terms of the Settlement Agreement and/or Final Order and Judgment; (5) 65 calendar days have

passed since the Court has entered a Final Order and Judgment certifying the Settlement Class, dismissing the Action with prejudice, approving this Settlement Agreement, and retaining jurisdiction to enforce the terms of the Settlement Agreement and/or the Final Order and Judgment; and (6) either (i) five business days after the period for filing any appeal, writ, motion, ex parte application, late objection, or other appellate proceeding opposing the Court's Entry of Judgment has elapsed without any appeal, writ, motion, ex parte application, late objection, or other appellate proceeding having been filed; or (ii) if any appeal, writ, motion, ex parte application, late objection, or other appellate proceeding opposing or seeking to vacate the Court's Final Order and Judgment approving this Settlement Agreement, in whole or in part, has been filed, five business days after any appeal, writ, motion, ex parte application, late objection, or other appellate proceedings opposing this Settlement Agreement or seeking to vacate the Final Order and Judgment has been finally and conclusively dismissed with no right to pursue further remedies or relief.

**Release of Claims**

12.     Effective upon the funding of the Gross Settlement Amount by Defendants, the Participating Class Members, on behalf of themselves and their respective former and present representatives, agents, attorneys, heirs, administrators, successors, and assigns, release the Released Parties from the Released Class Claims as defined in the Settlement Agreement.  "Released Parties" means:

> Defendants and all their present and former parent companies, including Jacobs Solutions, Inc., Jacobs Solutions, Inc.'s direct and indirect subsidiaries, members, joint ventures, owners, principals, agents, divisions, and their respective related or affiliated companies, shareholders, officers, directors, employees, agents, attorneys, insurers, successors and assigns, and any individual or entity which could be liable for any of the Released Claims, and Defendants' counsel of record in the Action.

"Released Class Claims" means:

All claims during the Class Period alleged, or that reasonably
could be alleged based on the facts asserted, in the Operative
Complaint in the Action, including without limitation claims
for violation of California Labor Code sections 201, 202, 203,
204, 204b, 210, 218.6, 226, 226.3, 226.7, 500, 510, 512, 558,
558.1, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1198, 2802,
California Industrial Commission Wage Order No. 4-2001, and
Business and Professions Code sections 17200, et seq., and
including all claims for alleged failure to provide meal periods,
failure to provide rest periods, failure to pay overtime wages,
failure to pay minimum wages, failure to pay all wages due to
discharged and quitting employees, failure to furnish accurate
itemized wage statements, failure to indemnify employees for
necessary expenditures incurred in discharge of duties, and
unfair and unlawful business practices, including, but not
limited to, claims for injunctive relief, liquidated damages,
penalties, interest, fees, costs, and all other claims and
allegations made or which could have been made in the Action
based on the facts and allegations pled in the Operative
Complaint and arising during the Class Period. Except for
those who qualify as Aggrieved Employees, Participating
Class Members do not release any other claims, including
claims for vested benefits, wrongful termination, violation of
the Fair Employment and Housing Act, unemployment
insurance, disability, social security, workers' compensation,
or claims based on facts occurring outside the Class Period.
The Released Class Claims do not include any claims under
PAGA.

13. Effective upon the funding of the Gross Settlement Amount by
Defendants, the Aggrieved Employees, on behalf of themselves and their respective
former and present representatives, agents, attorneys, heirs, administrators, successors,
and assigns, release the Released Parties from the Released PAGA Claims as defined in
the Settlement Agreement.  "Released PAGA Claims" means:

All claims during the PAGA Period for PAGA penalties
alleged, or that reasonably could be alleged based on the facts
asserted, in the Operative Complaint and the PAGA Notice,

including civil penalties pursuant to PAGA for claims for failure to provide meal periods, failure to provide rest periods, failure to pay overtime wages, failure to pay minimum wages, failure to pay all wages due to discharged and quitting employees, failure to furnish accurate itemized wage statements, and failure to indemnify employees for necessary expenditures incurred in discharge of duties, as well as all other claims and allegations alleged in the Action, during the PAGA Period.

14.    Effective upon the funding of the Gross Settlement Amount by Defendants, Plaintiff and her respective former and present spouses, representatives, agents, attorneys, heirs, administrators, successors, and assigns generally, release and discharge the Released Parties from Plaintiff's Released Claims as defined in the Settlement Agreement.  Plaintiff also waives her rights under California Civil Code section 1542.

**Payments Pursuant to the Settlement**

15.    The Court finds that the Gross Settlement Amount, the Net Settlement Amount, and the methodology used to calculate and pay each Participating Class Member's Individual Class Payment are fair and reasonable, and authorizes the Settlement Administrator to pay the Individual Class Payments to the Participating Class Members in accordance with the terms of the Settlement.

16.    The Court finds that PAGA Penalties in the amount of $250,000 are fair, reasonable, and adequate and consistent with PAGA's purposes to remediate present labor law violations, to deter future violations, and to benefit the public through enforcement of state labor laws.  The Court directs the Administrator to pay $187,500.00 from the Gross Settlement Amount to the California Labor and Workforce Development Agency for penalties under PAGA and to distribute the remaining $62,500.00 to Aggrieved Employees as Individual PAGA Payments in accordance with terms of the Settlement.

17.    If any Individual Class Payment or Individual PAGA Payment checks remain uncashed after 180 days from mailing, the checks will be voided and the

Administrator shall transmit the funds from those checks to a cy pres recipient, Legal Aid Foundation of Los Angeles.

18.    The Court approves the payment of the requested Administration Expenses Payment in the amount of $13,000.00 to CPT Group, Inc. The Court finds this amount to be fair and reasonable and sufficiently supported.

**Other Provisions**

19.    The Parties shall implement the Settlement Agreement according to its terms.

20.    Plaintiff's Motion for Attorneys' Fees, Costs, and Class Representative Service Payment shall be the subject of a separate order.  The Settlement Administrator shall withhold 10% of the fee award until Plaintiff's counsel provides a declaration stating that all other terms of the settlement have been implemented, as well as a proposed order releasing the remainder of the fees award.

21.    Pursuant to the terms of the Settlement Agreement, the case shall be dismissed with prejudice, provided, however, that the Court reserves exclusive and continuing jurisdiction over the Action, Plaintiff, the Class Members, and Defendants for purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Settlement Agreement and this Judgment.

22.    The Court enters judgment for Plaintiff and the Class Members in accordance with the terms of the Settlement and this Judgment is final and appealable.

23.    If the Settlement does not become final and effective in accordance with its terms, this Judgment shall be rendered null and void and shall be vacated and, in such event, all related orders entered and all releases given shall be rendered null and void.

Dated: August 19, 2025

_____
HON. DALE S. FISCHER
United States District Judge